IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ERICA LYNN MILTON, | ) | Bankruptcy No. 16-20747-CMB |
| Debtor, | )<br>) | |
| GERALD S. LEPRE, JR., | )<br>) | |
| vs. | ) | Civil No. 19-184 |
| | )<br>) | Adv. Proc. No. 16-2127-CMB |
| ERICA LYNN MILTON, | ) | |

## OPINION

Gerald S. Lepre, Jr. ("Lepre") filed a pro se Notice of Appeal from the opinion and order of the bankruptcy court dated February 4, 2019, with a brief in support (ECF Nos. 1, 12). Counsel for appellee Erica Lynn Milton ("Milton") filed a brief in opposition (ECF No. 13) and the appeal is ripe for disposition.

Lepre did not file a statement of the issues to be presented, as required by Federal Rule of Bankruptcy Procedure 8009(a)(1)(A). Lepre filed an adversary proceeding in Milton's Chapter 7 case to argue that Milton falsely stated she did not hold Lepre's property, in violation of 11 U.S.C. § 727(a)(4)(A). Lepre acknowledges that the bankruptcy court conducted a trial, made findings of fact and conclusions of law, and did not agree with him. Lepre's brief does not contain any citations to evidence in the record or cite any legal authority. *See* Federal Rule of Bankruptcy Procedure 8014(a)(8).

Milton argues that Lepre's appeal should be denied because it: (1) is procedurally defective in failing to include a statement of issues; (2) is frivolous and in bad faith; and (3) fails to present a meritorious claim.

The court declines to deny the appeal based on Lepre's failure to comply with Rule 8009. The United States Court of Appeals recently addressed this circumstance in *In re Lawson*, 774 F.

App'x 58 (3d Cir. 2019), and explained:

> As a general matter, district courts are permitted to dismiss bankruptcy appeals when appellants fail to comply with Rule 8009(a)(1). *See* Fed. R. Bank. P. 8003(a)(2); *In re Truong*, 513 F.3d 91, 93 n.2 (3d Cir. 2008) (per curiam); *see also In re One2One Commc'ns, LLC*, 805 F.3d 428, 449 (3d Cir. 2015) (Krause, J., concurring). But "[n]ot every failure to follow procedural rules mandates dismissal of the appeal." *In re Comer*, 716 F.2d 168, 177 (3d Cir. 1983). And "we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

*Id*. at 59-60.

The court also declines to deny the appeal as frivolous. The court can discern, from Lepre's brief, that he is contending that Milton made a false oath, and therefore, her Chapter 7 discharge should not have been granted. (ECF No. 12 at 3). The court concludes that Lepre's appeal may be disposed of on the merits.

The underlying dispute was precipitated by the breakup of Lepre's and Milton's volatile personal relationship. In 2015, Milton obtained a protection from abuse order and Lepre was forced to leave the home where they had previously resided. Lepre contends that Milton failed to return all his personal belongings.

On September 21, 2018, the bankruptcy court held a trial at which Lepre, Milton, Jessica Weiss (Lepre's fiance) and Carol Milton (Milton's mother) testified. On February 4, 2019, the bankruptcy court issued a thorough 20-page memorandum opinion, with detailed findings of fact and conclusions of law. The bankruptcy court held that Lepre's challenge under § 727 failed. Of note, the bankruptcy judge found Milton's testimony to be "generally credible and devoid of any indication of intentional deceit." (Opinion at 9). For example, Milton disclosed at the meeting of creditors that some of Lepre's items remained at her home.

Lepre correctly recognizes that the bankruptcy court's findings of fact can only be

reversed if they are clearly erroneous. *Mellon Bank, N.A. v. Metro Commc'ns, Inc.*, 945 F.2d 635, 641 (3d Cir. 1991), as amended (Oct. 28, 1991) (bankruptcy court's findings of fact are reviewed under a clearly erroneous standard). Lepre argues that "the record is replete with evidence" to support his contentions against Milton. Lepre failed, however, to support that conclusory argument with any citations to the actual record and failed to point out any specific factual errors. The court did not find any clear errors in the bankruptcy court's decision. In particular, the court cannot identify any reason to overturn the bankruptcy court's credibility determinations. *See Tarquinio v. Tarquinio (In re Tarquinio)*, No. 17-CV-01917 (PGS), 2017 WL 5707538, at *3 (D.N.J. Nov. 27, 2017) ("due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses")(quoting Fed. R. Bankr. P. 8013).

Lepre likewise failed to identify any alleged legal errors in the bankruptcy court's analysis. The purpose behind § 727(a)(4)(A) is "to ensure that the debtor provides honest and reliable information to the trustee and others interested in the administration of the estate without their having to conduct costly investigations to discover the debtor's true financial condition." *Giansante & Cobb, LLC v. Singh (In re Singh)*, 433 B.R. 139, 154 (Bankr. E.D. Pa. 2010). As correctly stated by the bankruptcy court, in order to succeed on his § 727 theory, Lepre had the burden to prove by a preponderance of the evidence each of the following elements:

    (1) Milton made a statement under oath;

    (2) the statement was false;

    (3) Milton knew the statement was false;

    (4) Milton made the statement with the intent to deceive; **and**

    (5) the statement related materially to the bankruptcy case.

*Melaragno v. Lybrook (In re Lybrook)*, 544 B.R. 537, 544 (Bankr. W.D. Pa. 2015) (emphasis

added). Lepre failed to meet several of these elements. For the reasons explained at length by the bankruptcy judge, even if some of the disputed items actually belonged to Lepre, he failed to prove that Milton knowingly made a false statement, had an intent to deceive, or that any false statement was material to the case.

After a thorough review of the bankruptcy court's decision and the parties' filings, the court concludes that Lepre's appeal must be denied. The opinion and order of the bankruptcy court of February 4, 2019 will be AFFIRMED.

An appropriate order follows.


/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge