IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ERICA LYNN MILTON, | ) | Civil No. 19-184 |
| | ) | |
| Debtor, | ) | Related to: |
| | ) | |
| GERALD S. LEPRE, JR., | ) | Bankruptcy No. 16-20747-CMB |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | Adv. Proc. No. 16-2127-CMB |
| ERICA LYNN MILTON, | ) | |

**<u>MEMORANDUM OPINION</u>**

On September 24, 2019, the court issued an opinion and order affirming the February 4, 2019, decision of the bankruptcy court. Now pending is a motion for reconsideration filed by Gerald S. Lepre, Jr. ("Lepre") (ECF No. 17). A response from Erica Lynn Milton ("Milton") is not necessary.

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration must rely on one of three grounds: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). A motion for reconsideration should not be used to ask a district court to rethink a decision it has already rightly or wrongly made. *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to "'evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant.'" *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 n.3 (M.D. Pa. 1994) (quoting *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Motions for reconsideration should not be used to relitigate issues already resolved by the court and should not be used to advance additional arguments which could

have been made by the movant before judgment. *Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. 1993), *aff'd in part, rev'd in part*, 57 F.3d 270 (3d Cir. 1995). *See generally United States ex rel. Emanuele v. Medicor Assocs.*, No. CV 10-245, 2017 WL 3675921, at *1 (W.D. Pa. Aug. 25, 2017).

Lepre did not point to any new facts or law or manifest injustice. His basis for reconsideration boils down to his disagreement with the bankruptcy judge's evaluation of the credibility of Milton's testimony and his testimony. That issue was considered by the court. *See* Opinion at 3 (explaining that the bankruptcy court's findings of fact can only be reversed if they are clearly erroneous and noting "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses") (ECF No. 16). Lepre's disagreement with the court's decision does not warrant reconsideration. The motion for reconsideration (ECF No. 17) will be DENIED.

An appropriate order will be entered.

Dated: November 6, 2019

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ERICA LYNN MILTON, | ) | Civil No. 19-184 |
| | ) | |
| Debtor, | ) | Related to: |
| | | |
| GERALD S. LEPRE, JR., | ) | Bankruptcy No. 16-20747-CMB |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | Adv. Proc. No. 16-2127-CMB |
| ERICA LYNN MILTON, | ) | |

**ORDER**

AND NOW, this 6th day of November, 2019, in accordance with the memorandum opinion, it is hereby ORDERED that the motion for reconsideration filed by Gerald S. Lepre, Jr. (ECF No. 17) is **DENIED**.

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge